Arthur G. Klein, J.
This article 78 CPLR proceeding against the State Superintendent of Public Works, the City of New York and the Mayor of the City of New York, the Chairman of the Triborough Bridge and Tunnel Authority and the Triborough Bridge and Tunnel Authority, respectively, seeks an order, according to the demand for relief:
(a) declaring that a hearing held December 8, 1959 with regard to the Lower Manhattan Expressway was illegal;
(b) requiring a new hearing;
(c) restraining the city or the Triborough Bridge and Tunnel Authority from acquiring the area necessary for construction;
(d) restraining the city or the Triborough Bridge and Tunnel Authority from expending or committing city or State funds and from acquiring, committing or spending Federal funds in connection with the Expressway;
(e) declaring that the Triborough Bridge and Tunnel Authority has no authority to lend money to assist the city in providing housing for displaced tenants, to supervise and arrange for the expenditures of construction moneys, to manage the housing upon completion, or having discretion to sell the housing;
(f) restraining the city from implementing any such agreement; and
(g) other relief.
I
This court is aware of the controversy which has raged over the expressway across the past several decades. On the controversy the court takes no position..
The sole question before the court is whether the petition states facts upon which relief may be granted.
The petition fails to comply with the provisions of CPLR 7804, subd. [d] and CPLR 3014 that a pleading shall “ consist *136 of plain and concise statements in consecutively numbered paragraphs. Each paragraph shall contain, as far as practicable, a single allegation ”.
II
In the circumstances, the court deems it preferable to treat not of the obtuse allegations of the petition, but rather the demand for relief.
A.
The first item demanded is that an order be entered declaring that the hearing held “ by the City of New York ” on December 9, 1959, is void in that it failed to comply with the requirements of section 85 of the Highway Law of the State of New York; section 128 of the Federal Highway Act (U. S. Code, tit. 23, § 128) referred to in the petition as “ 23 U. S. C. A. 128 of the Federal Highway Act ”.
1. Although this is denominated a hearing held by the city, it is alleged in the body of the petition, paragraph 14, as having been held by respondent McMorran; and accordingly, the petition will be treated as though it demanded relief against McMorran. No other relief is, or could be, sought against him.
2. The gravamen of petitioner’s complaint against McMorran as gleaned from the petition, is that the hearing conducted by the Department of Public Works in 1959
(a) cannot validly be the basis of construction in 1965 because of the intervening delay;
(b) did not properly evaluate the economic effects of the expressway;
(c) did not afford an opportunity to persons with property through or contiguous to the highway, in 1959, to express their objections to the highway.
(a)
To the assertion of a claim against respondent McMorran, he has interposed not only a defense of insufficiency, but also of the Statute of Limitations (CPLR 217).
It appears to the court that the defense of the Statute of Limitations is properly asserted by McMorran. The last act alleged in the petition to have been performed by him is the signing of a letter dated January 28, 1960, in which the State of New York, Department of Public Works, certified to the Commissioner of Public Roads, Bureau of Public Roads, Department of Commerce, Washington, D. 0. that at the hearing of December 9, 1959, the economic effects of the proposed highway were considered.
*137 The petition in this case was served in July, 1965, more than five and one-half years later.
Statutes of Limitations are in derogation of the common law, and their interposition — particularly, as here, the interposition of a short statute of four months — should not lightly be taken. (Cox v. Rolt, 2 Wilson [1764] 253; Hallagan v. Golden, 1 Wend. 302 [1828]; 34 Am. Jur., Limitation of Actions, § 12, p. 23.)
Nevertheless, it is obviously too late, so many years after the event, to assert that respondent did not properly evaluate the economic effects of the expressway.
(b)
The charge by petitioner that respondent did not in 1959 afford an opportunity to persons with property through or contiguous to the highway to express their objections is not only barred by the statute but improperly asserted, even if the statute were no bar. The language of the statute with regard to such an opportunity applies only in rural areas.
(c)
Yet, even if there were such a requirement; and even if the proceedings were not barred by the Statute of Limitations, it appears that an opportunity was afforded to interested parties to express their objections at the 1959 hearing, for at least two of these very petitioners were heard, and their objections appear in the transcript furnished by the respondent.
(d)
The assertion that the 1959 hearing cannot be the basis for 1965 construction is without merit.
The 1959 hearing was a step required in the city’s application for a contribution of Federal funds under the Federal Highway Act.
Any improprieties or weak links in the chain of events since, would not affect, nunc pro tune, the 1959 proceedings, which, (1) being regular on their face, are presumed valid, and (2) are no longer subject to attack.
There is no requirement that such a hearing be held as a step preliminary to construction, except in order to obtain Federal and State funds to the extent of 90% and 10%, respectively.
The construction about to take place is the action of the city, over which this respondent has no authority or control, and it is not subject to his direction.
If an inordinate time has passed between the hearing and the commencement of construction, the delay is a matter of concern *138 for the appropriate Federal and State authorities, hut raises no legal impediment upon which this court may act.
The petition, insofar as it seeks relief against respondent McMorran, is accordingly dismissed.
B.
The invalidity of the 1959 hearing being out of the case and its validity being presumed, there remains for consideration only the propriety of the Mayor’s approval of the project in May, 1965, well within the four-month period of limitations.
The prayer for relief asks that the city be restrained, pending-further hearing, from acquiring the area necessary for construction, from spending or committing city, State or Federal funds, and for incidental relief.
Under CPLR 7803 questions which may be raised in an article 78 proceeding- are:
1. Whether the body or officer failed to perform a duty enjoined by law; or
2. Whether the body or officer proceeded or is about to proceed beyond its jurisdiction, or;
3. Whether a determination has been made in violation of lawful procedure or was affected by an error of law or was arbitrary and capricious or an abuse of discretion; or
4. Whether the determination is on the entire record supported by substantial evidence.
The petition alleges, in conclusory terms, that the proposed taking is in violation of the due process clause of the United States Constitution and the Code [sic] of the State of New York.
From the petition, the court is able to glean that the Mayor’s decision to proceed, given May 25, 1965, was made pursuant to the authority vested in him by section 228 of the City Charter. (Cf. De Salvio v. McMorran, 50 Misc 2d 483, decided simultaneously herewith.) There is no legal impediment to this decision.
The petition then alleges that the city’s consent was never obtained because it was based on false statistics furnished by respondent Moses.
Assuming for the purpose of argument that false evidence was introduced at the hearing, and assuming further that the hearing pursuant to section 228 is of the type reviewable in an article 78 proceeding, it is nevertheless not the office of an article 78 proceeding to inquire into the truth or falsity of the evidence presented. That is a matter for inquiry by the body holding the *139 hearing. (Matter of Newbrand v. City of Yonkers, 285 N. Y. 164, 177-178 [1941].)
Presumably petitioners’ allegation is based on newly discovered evidence, which may furnish the basis for a reopening of the hearing, in the discretion of the Mayor.
The only questions which remain open to this court are (1) whether the result reached was arbitrary or capricious, (2) whether there was substantial evidence to support the result reached, and (3) whether any officer acted without jurisdiction or failed to perform a duty enjoined by law.
The petition does not allege that there was not substantial evidence to support the result reached, or that the result reached was arbitrary or capricious, or that any officer acted without jurisdiction, or that the Mayor or the Board of Estimate failed to perform a duty enjoined upon them by law.
Ill
There is accordingly no basis for the exercise of this court’s power under article 78 of the CPLR, and the remaining demands for relief necessarily fail. The petition is therefore dismissed, without costs.